

1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HOANG MINH TRAN,                          Civil No.    10cv2375 JAH (NLS)
     CDC #AA-5994,
12                                             **ORDER:**
                                  Plaintiff,
13                                             **(1) DENYING MOTION TO**
                                               **PROCEED *IN FORMA PAUPERIS***
14                                             **AS BARRED BY 28 U.S.C. § 1915(g)**
                   vs.                         **[Doc. No. 2]**
15
16                                             **AND**
     WILLIAM GORE; E. SCHROEDER,
17   BRIAN CONWAY; RUBY BANK;                  **(2) DISMISSING CASE FOR**
     DAWSON; WILSON; BROWN; S.                 **FAILURE TO PAY FILING**
18   AYMAR,                                    **FEE REQUIRED BY**
                                               **28 U.S.C. § 1914(a)**
19                                Defendants.

20

21

22          Plaintiff, a state prisoner proceeding pro se and currently incarcerated at the California Men's

23   Colony located in San Luis Obispo, California, has filed a civil rights action pursuant to 42 U.S.C.

24   § 1983.  Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has

25   submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.

26   2], along with a Motion to Appoint Counsel [Doc. No. 3].

27   / / /

28   / / /

# I.

## Motion to Proceed IFP

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP."  *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").   The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes  are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" *Id.* (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews* further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).

## II.

## Application of 28 U.S.C. § 1915(g)

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint as well as the exhibits attached, and has ascertained that they make no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Therefore, Plaintiff may be barred from proceeding IFP in this action if he has on three prior occasions had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. *See* 28 U.S.C. § 1915(g).

/ / /

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).  Here, the Court takes judicial notice that Plaintiff has had at least four prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  They are:

    1)   *Tran v. Gore, et al.*, Civil Case No. 10-1323 BTM (WMc) (S.D. Cal. Jan. 31, 2011 Order dismissing action for failing to comply with Court's Order and for failing to state a claim (strike one);

    2)   *Tran v. Gore, et al.*, Civil Case No. 10-1751 JAH (WVG) (S.D. Cal. Feb. 14, 2011 Order dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike two);

    3)   *Tran v. Gore, et al.*, Civil Case No. 10-2036 JAH (WVG) (S.D. Cal. Feb. 15, 2011 Order dismissing First Amended Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike three);

    4)   *Tran v. Gore, et al.*, Civil Case No. 10-1880 MMA (BLM) (S.D. Cal. Feb. 14, 2011 Order dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike four).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.

### Conclusion and Order

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP [Doc. No. 2] pursuant to 28 U.S.C. § 1915(g) and **DISMISSES** this action without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  March 22, 2011

_____
**HON. JOHN A. HOUSTON**
United States District Judge